[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By complaint dated January 10, 2000 the plaintiff, Phyliseta Pierce, commenced this action seeking a dissolution of marriage on the grounds of irretrievable breakdown and other relief. The defendant appeared pro se and filed an answer and cross-complaint dated April 6, 2000. The plaintiff appeared through counsel on March 20, 2001 and the defendant appeared pro se. The plaintiff proceeded on her complaint. Both parties presented testimony and introduced documentary evidence. The court, after hearing the testimony and reviewing the exhibits, makes the following findings of fact.
The plaintiff, whose maiden name was Phyliseta Price, married the defendant on April 2, 1993 in Hartford, Connecticut. She has resided continuously in the State of Connecticut for at least 12 months next preceding the filing of the complaint. All statutory stays have expired. The parties have one (1) child issue of the marriage, Monique Alexis Pierce born April 6, 1993. No other minor children have been born to the plaintiff since the date of the marriage. The court further finds that neither party or their child have been the recipients of any aid from the State of Connecticut or any municipality thereof.
The plaintiff is 49 years of age and enjoys good health. She presently resides with her daughter in rental quarters in West Hartford, Connecticut. The former marital residence located at 16 Alderman Lane in Granby, Connecticut has been foreclosed. The plaintiff is employed at Lincoln Financial Group as a Validation Technician earning a gross weekly wage of $573.08. She is a college graduate. Her previous employment was CT Page 9443 with The Hartford earning $27,000 gross per year. Her termination from The Hartford was involuntary. Other than modest increases in her salary the plaintiff does not appear to have the ability to accumulate any significant assets in the future.
The defendant is 46 years of age and has non-serious back problems and high blood pressure; otherwise he is in good health. He is in the process of looking for a one bedroom apartment so that his daughter can sleep in the bedroom during visitation and he can sleep on a sofa. He presently pays rent for his share of the expenses for him and his girlfriend. He also lives in West Hartford. At the time of trial he was employed by Kelly Law Registry at the rate of $22 per hour. He is a college graduate and also has a law degree and is licensed to practice in Connecticut. While employed at The Hartford he was earning between $60,000 — $65,000 per year. The court finds his present earning capacity to be $880.00 per week.
The parties met one year before their marriage. When they first met the defendant was married and the plaintiff had two children from a prior relationship. The plaintiff was the primary caregiver of their child. She handled all of the finances of the family. Her children and their behavior became a source of serious friction between the parties. The parties encountered financial difficulties and their "dream house" was foreclosed. Neither party has any significant assets. During the marriage the defendant commenced a relationship with another woman. The defendant's father helped out financially. The court finds that the breakdown of the marriage was primarily the fault of the defendant.
During the pendency of this action the court entered certain orders pertaining to household expenses and child support. The court finds that the defendant is indebted to the plaintiff in the amount of $2,200 which shall be paid in accordance with the following orders.
The court has considered all of the statutory factors concerning custody and visitation set out in Connecticut General Statutes §§46b-56 and 46b-56a. The court has further considered all of the factors in Connecticut General Statutes §§ 46b-81, 46b-82, 46b-89 and 46b-62
and other pertinent statutes, earning and earning capacity differentials, causes for the breakdown of the marriage and the consequences of the financial orders set forth below. Judgment shall enter dissolving the marriage of the parties on the ground of irretrievable breakdown. It is further ordered that:
1. Custody and Visitation.
The parties shall have joint legal custody of the minor child, Monique CT Page 9444 Alexis Pierce. The child's primary residence shall be with the plaintiff. The defendant shall have parenting time as specifically set forth in an agreement reached between the parties and Family Relations. The defendant, in light of the child's asthma problems, shall provide a smoke free and animal free environment and shall consider her allergies as well as her asthmatic condition.
2. Child Support.
The defendant shall pay to the plaintiff the sum of $128 per week as child support retroactive to March 20, 2001 less any amounts he has paid during said date and the date of judgment. Further, he shall pay $24.15 per week for daycare, also on a retroactive basis. These orders are based upon the financial information provided to the court on the date of trial. Unreimbursed medical expenses for the minor child shall be paid in accordance with the current child support guidelines. Payment of child support and daycare shall be by wage withholding.
3. Medical Insurance.
Each of the parties shall provide medical insurance for the benefit of the minor child if available to them at their place of employment at a reasonable cost.
4. Arrearages.
At trial the plaintiff claimed the defendant was in arrears in his payment of child support for the past four weeks but expected a check the Friday following trial. To the extent that an arrearage existed as of March 20, 2001 the defendant is ordered to make payment at the rate of $10 per week as part of the wage attachment set forth herein.
5. Life Insurance.
Each of the parties shall name the minor child as irrevocable beneficiary of any life insurance as available through their place of employment.
6. Internal Revenue Service Debt.
At trial the parties were indebted to the Internal Revenue Service in the amount of $18,000. The plaintiff shall pay 30% of said indebtedness and the defendant 70% and shall each indemnify and hold harmless the other party for the payment of their respective shares.
7. Liabilities. CT Page 9445
The parties shall each be responsible for the debts listed on their respective financial affidavits (other than the Internal Revenue Service debt listed above) and shall indemnify and hold the other harmless therefrom.
8. Debt Due Plaintiff.
As of the date of trial the defendant is indebted to the plaintiff in the amount of $2,200. Said amount shall be paid to the plaintiff in weekly installments of $50 until fully paid.
9. Alimony.
The defendant shall pay to the plaintiff alimony in the amount of $1 per year commencing as of March 20, 2001. Said amount shall be paid for a period of seven (7) years and shall be non-modifiable as to term and amount except as herein set forth. When the defendant commences employment at the annualized rate of $40,000 per year (on a gross basis) the alimony shall be subject to modification and any increase in alimony shall be payable for a term of 4 Y2 years thereafter. The defendant shall immediately commence a job search for positions in accordance with his experience and education. At such time as he obtains full time employment of any kind he shall notify the plaintiffs counsel within 24 hours of such employment and provide evidence of his earnings. Further, each party shall provide the other on an annual basis their W-2 forms and income tax returns.
10. Tax Exemptions.
For calendar year 2000 the plaintiff shall be entitled to claim the minor child for income tax purposes. Thereafter the parties shall alternate claiming the exemption and the plaintiff shall furnish the defendant whatever forms are necessary to enable him to claim the same.
11. Deferred Compensation.
The plaintiff shall retain her pension plan free of any claims of the defendant. By a Qualified Domestic Relations Order the defendant shall transfer 50% of his pension plan to the plaintiff. The court retains jurisdiction.
12. Personal Property.
Each of the parties shall retain all of the personal property in their possession, including automobiles, except the video camera the plaintiff CT Page 9446 has in her possession which she shall return to the defendant. The defendant shall return the keys to the grandfather clock and the treadmill.
 _____________________ JOHN R. CARUSO, JUDGE